FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESITA T., on behalf of A.V., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 4:20-CV-5099-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Chad Hatfield represents Teresita T., who appears on behalf of her minor daughter, A.V. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On June 8, 2016, Teresita T. filed an application for childhood Supplemental Security Income (SSI) benefits, on behalf of Plaintiff, alleging Plaintiff had been disabled since June 8, 2016, due to recurring URI (upper respiratory infections) with Ecolid Celiac disease. Tr. 201, 213. Plaintiff has also alleged disability as a result of recurrent urinary tract infections (UTIs), Tr. 307, and a Central Auditory

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Processing Disorder, Tr. 621-622.  Plaintiff's application was denied initially and upon reconsideration.

On May 21, 2019, an administrative hearing was held before Administrative Law Judge (ALJ) Moira Ausems, at which time testimony was taken from Plaintiff's mother, Teresita T., and medical expert Jerry W. Seligman, M.D.  Tr. 57-77.  The ALJ issued a decision finding Plaintiff was not disabled on April 15, 2019.  Tr. 19-32.  The Appeals Council denied review on April 22, 2020.  Tr. 1-6.  The ALJ's April 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on June 18, 2020.  ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was born on August 15, 2007, and was 9 years old on the date of the disability application, June 8, 2016.  Tr. 201.  At the administrative hearing, Plaintiff's mother, Teresita T., testified Plaintiff experienced severe UTIs at a rate of once a month, each with symptoms lasting 2 weeks or longer.  Tr. 70.  Ms. T. indicated Plaintiff had less severe UTIs that would last three to five days.  Tr. 71.  Plaintiff also had hearing difficulty and wore hearing aids at all times, wore corrective glasses, and was on a strict no-gluten diet for Celiac disease.  Tr. 73-74.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability:  (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, the analysis ends there.  If not, the Commissioner decides whether the child's impairments result in limitations that functionally equal a listing.  20 C.F.R. § 416.926a(a).  In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments":

> (i) What activities are you able to perform?
>
> (ii) What activities are you not able to perform?
>
> (iii) Which of your activities are limited or restricted compared to other children your age who do not have impairments?
>
> (iv) Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?
>
> (v) Do you have difficulty independently initiating, sustaining, or completing activities?
>
> (vi) What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments."  Title XVI:  Determining Childhood Disability Under the Functional Equivalence Rule –

The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031 * 1 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your activities and limitations and restrictions." *Id*. citing 20 C.F.R. § 416.926a(c). The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings. Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b). The severity of limitation in each affected functional domain is then considered. This technique is referred to as the "Whole Child" approach.

## ADMINISTRATIVE DECISION

On April 15, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date, June 8, 2016. Tr. 22.

At step two, the ALJ determined Plaintiff suffered from the following severe impairments: recurrent urinary tract infections, hearing loss, Central Auditory Processing Disorder, and possible Celiac disease. Tr. 22.

The ALJ found at step three that Plaintiff's impairments did not meet or medically equal the severity of any of the Listings impairments. Tr. 22. With regard to functional equivalence, the ALJ assessed the six functional equivalence domains and determined Plaintiff had a marked limitation in health and physical well-being, but less than a marked limitation in acquiring and using information, attending and completing tasks, and in caring for herself and no limitation in interacting and relating with others and in moving about and manipulating objects. Tr. 27-32. The ALJ determined Plaintiff's impairments did not result in two

marked limitations or one extreme limitation in any of the six domains; thus, Plaintiff did not have an impairment or combination of impairments that functionally equaled the criteria of any of the Listings impairments. Tr. 32.

The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the June 8, 2016 disability application date, through the date of the ALJ's decision, April 15, 2019. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for the Court's review: (1) Did the ALJ err by failing to meet her duty to develop the record, conduct a proper analysis, consider Listing 106.07, and find the claimant disabled as meeting or medically equaling a Listing at step three; (2) Did the ALJ err by failing to conduct an adequate analysis and find the claimant disabled as functionally equaling the severity of the childhood Listings; and (3) Did the ALJ err by rejecting the claimant's disabling subjective complaints. ECF No. 14 at 6.

## DISCUSSION

**A.    Testimony of Plaintiff's Mother, Teresita T.**

Plaintiff contends the ALJ erred by rejecting the testimony of Plaintiff's Mother, Teresita T. ECF No. 14 at 15-18. Defendant responds that the ALJ's assessment of the statements of Ms. T. was sufficient. ECF No. 15 at 12-14.

In childhood disability cases, where the child is unable to adequately describe her symptoms, the Commissioner accepts the testimony of the person most familiar with the child's condition, such as a parent. *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1134 (9th Cir. 2001). In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses. *See Merrill ex rel. Merrill v. Apfel*, 224

F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). When an ALJ discounts a parent's testimony, she must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ first noted Ms. T.'s statements were discounted because they were not supported by objective medical evidence. Tr. 24-25. Objective medical evidence provides a valid basis for discounting lay witness testimony. *Lewis*, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting a lay witness).

Medical expert Jerry W. Seligman, M.D., testified Plaintiff's UTIs responded to medications and did not require hospitalization, acute periods of illness associated with the UTIs only lasted a few days, Plaintiff was usually not severely ill with each UTI, and Plaintiff's UTIs would not produce the number of absences documented in the school records. Tr. 24, 66-67. He stated that Plaintiff's severe impairments of recurrent UTIs, hearing loss, Central Auditory Processing Disorder, and possible Celiac disease did not meet, equal, or functionally equal any of the childhood listings. Tr. 24, 65. DDS medical consultants additionally concluded Plaintiff's impairments did not meet, equal, or functionally equal any of the Listings. Tr. 81-82, 91-92. No medical source of record has endorsed disabling limitations in this case. Tr. 25, 26.

The ALJ noted that while the record reflects Plaintiff does suffer from recurrent UTIs, she has not required any hospitalizations since the alleged onset date, her urinalysis results on many occasions have revealed no evidence of a UTI,

and even when she does have a UTI, she has presented as healthy appearing overall with no significant abnormalities. Tr. 24-25, 456-459, 554-558, 600-603, 651-655.

Furthermore, with regard to Plaintiff's alleged Celiac disease, while testing in May 2016 suggested possible Celiac disease, Tr. 275, a follow up lab test in November 2018 was negative for Celiac disease, Tr. 652. Tr. 25. As to Plaintiff's bilateral hearing loss and Central Auditory Processing Disorder, Tr. 588, 604, the record reflects her conditions improved with the use of hearing aids, Tr. 605. Tr. 25.

The Court finds substantial evidence supports the ALJ's determination that Ms. T.'s testimony was unsupported by objective medical evidence.

The ALJ next noted inconsistencies between Ms. T.'s statements and the evidence of record. Tr. 26. An ALJ may engage in ordinary techniques of credibility evaluation, such as considering inconsistencies in testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Ms. T. testified Plaintiff had a severe UTI at least once a month, her symptoms from each severe UTI lasted approximately two weeks, and she was unable to attend school during that time. Tr. 26, 70-71. However, the record does not document UTIs at the rate alleged by Ms. T., and the record reflects Plaintiff has never missed more than two consecutive days of school at one time. Tr. 26, 265-269. Ms. T. also testified Plaintiff had a high-grade fever during her monthly severe UTIs, Tr. 69, but there are no high-grade fevers documented on exam with almost all temperature readings as normal and only three mildly elevated temperature readings. Tr. 26.

Plaintiff argues the ALJ mischaracterized the record with respect to her school absences. ECF No. 14 at 17. School records show Plaintiff had approximately 27 absences in 2016-2017, four absences in 2017-2018, and 39 absences in 2018-2019, Tr. 257-259, 261-270, and Plaintiff asserts these absences

were related to her UTIs. However, Dr. Seligman testified Plaintiff's UTIs would not produce the number of absences documented in the school records, as Plaintiff is usually not severely ill with each infection and is able to catch it early and get on antibiotics. Tr. 26, 66-67. The ALJ noted the majority of Plaintiff's absences in the 2018-2019 school year were for "appointments," with only six absences attributed to illness. Tr. 26. The ALJ did not mischaracterize the evidence of record.

Substantial evidence supports the ALJ's determination that Ms. T.'s testimony was inconsistent with the evidence of record.

Based on the foregoing, the Court finds the ALJ provided germane reasons, supported by substantial evidence, for discounting Ms. T.'s statements in this case.

**B.     Step Three**

Plaintiff contends the ALJ erred at step three of the sequential evaluation process by failing to mention Listing 106.07, failing to meet her duty to develop the record, and providing an insufficient analysis for the determination. ECF No. 14 at 8-10. Defendant asserts the ALJ's analysis was sufficient and there was no ambiguity or inadequacy that required record development. ECF No. 15 at 5-8.

**1.     Listing 106.07**

Plaintiff argues the ALJ's step three finding fails to mention Listing 106.07 for congenital genitourinary disorder. ECF No. 14 at 9. Defendant responds that an ALJ is not required to perform a detailed analysis for every possible listing or equivalent and, here, the ALJ's analysis was sufficient. ECF No. 15 at 6.

An ALJ must adequately explain a conclusion that an impairment does not meet or equal a Listing. The Ninth Circuit has held that in "determining whether a combination of impairments establishes equivalence" under step three of the Listings, a mere statement that "[a claimant] did not equal the listing [is] insufficient." *Murphy v. Commissioner Social Sec. Admin.*, 423 Fed. Appx. 703, 704 (9th Cir. 2011) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990))

(holding boilerplate finding is insufficient to conclude impairment does not meet a Listing).

At step three, the ALJ specifically considered Listing 102.10 (hearing loss not related with cochlear implantation), Listing 105.00 (digestive system), and Listing 112.14 (developmental disorders in infants and toddlers). Tr. 22. Although the ALJ did not mention Listing 106.07 (congenital genitourinary disorder), the ALJ found the severity of Plaintiff's impairments did not meet or medically equal a Listing and based her finding "on a complete review of the record as it existed at the hearing level" and the opinions of the DDS medical consultants and Dr. Seligman. *See* Tr. 22. Both Drs. Magdaleno and Makiri, DDS medical consultants, specifically considered Listing 106.07 and found Plaintiff did not meet the Listing, Tr. 81, 91, and Dr. Seligman testified Plaintiff's impairments did not meet or equal any Listing, Tr. 65.

The evidence of record also supports the ALJ's finding at step three with respect to Listing 106.07. Listing 106.07 (congenital genitourinary disorder) requires urologic surgical procedures at least three times in a consecutive 12-month period, with at least 30 days between procedures. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §106.07. There has been no showing that the requirements of Listing 106.07 have been established; therefore, any assessed error based on the ALJ's failure to mention Listing 106.07 would be harmless. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (an error is harmless when the correction of that error would not alter the result); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citing *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (an ALJ's decision will not be reversed for errors that are harmless).

The Court concludes the ALJ did not err because the ALJ's step three determination is sufficiently supported and, in any event, the evidence of record does not reflect Plaintiff meets or equals the requirements of Listing 106.07.

///

### 2. Duty to Develop Record

Plaintiff also contends the ALJ erred by failing to meet her duty to develop the record and a remand is thus required to obtain complete medical expert testimony, reevaluate the record, resolve any ambiguities, and conduct an adequate analysis of the evidence. ECF No. 14 at 9-10.

Defendant asserts Plaintiff has identified no ambiguities or inadequacy in the evidence to trigger further development of the record. ECF No. 15 at 8.

It is Plaintiff's duty to prove disability. *See* 20 C.F.R. § 404.1512(a). An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff has failed to identify any specific ambiguities in the record to trigger the ALJ's duty to develop the record. To the contrary, no medical source of record has reported any disabling limitations due to Plaintiff's impairments that would require further development.

The Court finds the record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. The ALJ did not err by failing to develop the record in this case.

### C. Functional Equivalence

Plaintiff next asserts the ALJ erred by failing to properly assess the functional domains in this case. ECF No. 14 at 10-14. Plaintiff specifically argues her severe impairments functionally equaled the Listings because the evidence supports a finding of an "extreme" limitation in "health and physical well-being," and "marked" limitations in "acquiring and using information," and "attending and completing tasks." *Id*.

Defendant asserts the ALJ properly evaluated the domains of functioning in this case. ECF No. 15 at 9-12.

///

To functionally equal the Listings, the claimant's impairment or combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked limitation" in a domain results when the child's impairment "interferes seriously" with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme limitation" in a domain results when the child's impairment interferes "very seriously" with the ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3).

The ALJ weighed the evidence in the administrative record and the hearing testimony and found Plaintiff had less than marked limitations in the functional domains of acquiring and using information and attending and completing tasks and a marked limitation in the functional domain of health and physical well-being. Tr. 27-32. Plaintiff challenges these three findings.

### 1. Health and Physical Well-Being

Plaintiff asserts the ALJ erred by finding Plaintiff had only a marked limitation in the functional domain of health and physical well-being. ECF No. 14 at 10-12. Plaintiff contends the record establishes she has an "extreme" limitation in the health and physical well-being domain. *Id*. at 12.

In the domain of health and physical well-being, an ALJ considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on your functioning." 20 C.F.R. § 416.926a(l). A claimant may be limited in health and physical well-being if she (1) has generalized symptoms, such as weakness, dizziness, agitation, lethargy, or psychomotor retardation because of her impairments; (2) has somatic complaints related to her impairments; (3) has limitations in physical functioning because of treatment; (4) has exacerbations from one impairment or a combination of impairments that interferes with her physical functioning; or (5) is medically fragile and needs
///

intensive medical care to maintain her level of health and physical well-being. 20 C.F.R. § 416.926a(l)(4)(i)-(v).

Plaintiff avers her education records, which demonstrate absences and instances of tardiness in 2018 and 2019, and treatment notes documenting severe symptomology support a finding that she suffers "extreme" limitations in the health and physical well-being domain. ECF No. 14 at 11-12.

However, Plaintiff offers no rationale for how her different interpretation of the evidence undermines the ALJ's finding, and it is not the role of the Court to second-guess the Commissioner. If evidence supports more than one rational interpretation, the court must uphold the decision of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) ("If the evidence can support either outcome, we may not substitute our judgment for that of the ALJ.").

As discussed above, Plaintiff does have severe impairments, but not to the degree alleged by her mother, and no medical source of record has reported extreme limitations as a result of Plaintiff's impairments. *See supra*. The ALJ assessed a "marked" impairment in the domain of health and physical well-being, which reflects a serious interference with her ability to independently initiate, sustain or complete activities, and this finding is supported by the opinion of the medical expert, Dr. Seligman, Tr. 65, and the DDS medical consultants, Tr. 82, 92. Tr. 32.

### 2. Acquiring and Using Information

Plaintiff asserts the ALJ additionally erred by finding Plaintiff had a less than marked limitation in the functional domain of acquiring and using information. ECF No. 14 at 12-14. Plaintiff argues the record reflects at least a marked limitation in this domain. *Id*. at 13-14.

In the domain of acquiring and using information, an ALJ considers "how well you acquire or learn information, and how well you use the information you

have learned." 20 C.F.R. § 416.926a(g).  A claimant may be limited in acquiring and using information if she (1) does not demonstrate understanding of words about space, size, or time; (2) cannot rhyme words or the sounds in words; (3) has difficulty recalling important things she learned in school yesterday; (4) has difficulty solving mathematics questions or computing arithmetic answers; or (5) talks only in short, simple sentences and has difficulty explaining what she means.  20 C.F.R. § 416.926a(g)(3)(i)-(v).

Plaintiff asserts treatment notes documenting her symptomology and her diagnosis of Central Auditory Processing Disorder corresponds to at least a marked limitation in this domain.  ECF No. 14 at 13.  However, Plaintiff offers no rationale for how her different interpretation of the evidence undermines the ALJ's conclusion.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld.").

The ALJ noted Plaintiff's Central Auditory Processing Disorder and hearing loss caused some limitations in this domain but indicated her mental status examinations had been largely unremarkable and Plaintiff's mother reported Plaintiff did well in school, Tr. 517.  Tr. 28.  The ALJ's finding that Plaintiff had a less than marked limitation in this functional domain is supported by the opinion of Dr. Seligman, Tr. 65, and the DDS medical consultants, Tr. 81 (no limitation), Tr. 91 (no limitation), and the record does not reflect that Plaintiff's impairments result in a marked limitation in this domain.  The ALJ's determination is supported by substantial evidence.

   **3. Attending and Completing Tasks**

Finally, Plaintiff asserts the ALJ erred by finding Plaintiff had less than a marked limitation in the functional domain of attending and completing tasks.  ECF No. 14 at 13-14.  Plaintiff again contends the record reflects at least a marked limitation in this domain.  *Id*.

In the domain of attending and completing tasks, an ALJ considers "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them." 20 C.F.R. § 416.926a(h). A claimant may be limited in attending and completing tasks if she (1) is easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) is slow to focus on or fails to complete activities of interest to her; (3) repeatedly become sidetracked from her activities or frequently interrupt others; (4) is easily frustrated and gives up on tasks, including ones she is capable of completing; or (5) requires extra supervision to keep her engaged in an activity. 20 C.F.R. § 416.926a(h)(3)(i)-(v).

Plaintiff's briefing again argues that treatment notes documenting her symptoms and her diagnosis of Central Auditory Processing Disorder correspond to at least a marked limitation in this domain. ECF No. 14 at 13. However, Plaintiff again fails to offer rationale for how her different interpretation of the evidence undermines the ALJ's conclusion. *See Lewis*, 498 F.3d at 911.

The ALJ's finding that Plaintiff had a less than marked limitation in this functional domain is supported by the opinion of the medical expert, Tr. 65, and the state agency medical consultants, Tr. 81 (no limitation), Tr. 91 (no limitation). Tr. 28-29. As noted by the ALJ, there is no evidence of record that Plaintiff was easily distracted, had problems completing tasks, or repeatedly became sidetracked; examinations had revealed no significant cognitive difficulties; and Plaintiff's mother had reported that Plaintiff did well in school, Tr. 517. Tr. 29. The record does not reflect that Plaintiff's impairments result in a marked limitation in this domain. The ALJ's determination in this regard is supported by substantial evidence.

Based on the foregoing, the Court concludes the ALJ's findings pertaining to the domains are supported by substantial evidence. Since Plaintiff did not have

marked limitations in at least two domains or an extreme limitation in one domain, the ALJ did not err by finding Plaintiff did not functionally equal the Listings in this case. *See* 20 C.F.R. § 416.926a(d).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED May 12, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE